## BYRNE v VANDERBILT

Ohio Appeals, 1st Dist, Hamilton Co.

No 4349.  Decided June 26, 1933

Edward M. Ballard, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, and Edward Lee Meyer, Cincinnati, for defendant in error.

**OPINION**

By HAMILTON, PJ.

The trial court must have taken the view that the filing of the claim with the Industrial Commission and the award, no matter what the circumstances, constituted a bar to any action against the plaintiff's employer.

We know of no cause and none has been cited bearing on a situation such as we have here.

The reply in effect charges a fraud upon the plaintiff and the Industrial Commission, in bringing the matter under the Workmen's Compensation Act.

The general rule is, that fraud vitiates all proceedings, whether practiced upon the party, or a court, or both. If the allegations of the reply are true, and notwithstanding the misrepresentation or fraud perpetrated, the party affected is barred from bringing the action, we would have the situation of an employer perpetrating a fraud on a party injured, and on the Industrial Commission, and thus absolve himself from all liability. We do not believe the law will sustain such a proposition.

We are of opinion that either the plaintiff or the Industrial Commission, or both, if the facts warrant it, may repudiate the claim and all action thereunder. The allegations of the reply make a direct attack on the proceedings, and it is the law that the judgment of a court may be set aside for fraud practiced on the court by direct attack. If the plaintiff and the Industrial Commission were thus imposed on, it would leave the parties as if no claim had been filed with the Industrial Commission, and we are of opinion that this is the situation here.

If fraud is established the issue remains as to whether or not the injuries were received in the course of the employment, there being no allegation of wanton or wilful negligence.

It is suggested by counsel for the plaintiff in error that in any event the payment of the $37.50 by the Industrial Commission was a payment under mistake of law. This position is not tenable, as it is purely a question of fact as to whether or not the plaintiff received the injuries in the course of the employment, and the Commission must have found that she did.

The judgment of the Court of Common Pleas is reversed and the cause remanded to that court for a new trial upon the issues suggested, and for further proceedings according to law.

CUSHING and ROSS, JJ, concur.